IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

          **v.**               **Criminal No.** 19-792 (FAB)

DAVID TORRES-BOCANEGRA,

    **Defendant.**

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant David Torres-Bocanegra ("Torres")'s motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 48(b) ("Rule 48(b)"), for violation of his Sixth Amendment right to a speedy trial. For the reasons that follow, the Court **DENIES** Torres's motion.

## I.   BACKGROUND

On February 1, 2017, Torres handed an undercover agent a bag containing approximately $180,000. (Docket No. 34 at p. 1.)  About two years later, on December 17, 2019, a grand jury returned a sealed indictment charging Torres with money laundering in violation of 18 U.S.C. section 1956. (Docket No. 40 at p. 2.) Torres remained unaware of the indictment throughout the rest of 2019, all of 2020, and continued to work as a commercial airline pilot in Miami, Florida. (Docket No. 34 at p. 3, 8.)

On January 15, 2021, after arriving at the Miami airport, Torres was arrested. Id. at p. 3—4. After a detention hearing, he was released to home detention. (Docket No. 40 at p. 2.)

On March 17, 2021, at his request and with the recommendation of the U.S. Probation Officer, the Court modified his home detention to a curfew. (Docket No. 25; Docket No. 40 at p. 2.)

On May 18, 2021, the parties appeared virtually for a Lafler/Frye hearing where Torres rejected the government's plea offer. (Docket No. 40 at p. 3.)  Trial is set for July 7, 2021.

On May 24, 2021, Torres moved to dismiss the indictment for violation of his Sixth Amendment right to a speedy trial. (Docket No. 34.) The government responded in opposition on June 8, 2021. (Docket No. 40.)

## II.  LEGAL STANDARD

The Sixth Amendment of the United States Constitution provides that in all criminal prosecutions, "the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend VI.  Courts consider four factors (the "Barker" test) when determining whether a defendant's Sixth Amendment right to a speedy trial has been violated:  (1) the length of the delay; (2) the reasons for delay; (3) the defendant's assertion of his or her speedy trial right; and (4) prejudice to the defendant caused by the delay.  Barker v. Wingo, 407 U.S. 514, 530 (1972); United

States v. Handa, 892 F.3d 95, 101 (1st Cir. 2018).   None of the
factors is a "necessary or sufficient condition to the finding of
a depravation of the right to a speedy trial.   Rather, they are
related factors and must be considered together with such other
circumstances as may be relevant." Barker, 407 U.S. at 533.

## III. DISCUSSION

Torres argues that the case against him should be dismissed
with prejudice pursuant to a violation of his Sixth Amendment right
to a speedy trial.   (Docket No. 34.)   The United States opposes
this motion.   (Docket No. 40.)   The Court will proceed to analyze
Torres's claim pursuant to the Barker test.

### A.   Length of Delay

The length of the delay is calculated from arrest or
indictment, whichever occurred first.   United States v. Muñoz-
Amado, 182 F.3d 57, 61 (1st Cir. 1999). Whether the indictment is
sealed or not has no effect on this calculation. United States v.
Casas, 356 F.3d 104, 112—13 (1st Cir. 2004) ("We see no reason why
a defendant should not be able to make a speedy trial claim when
the government has delayed the trial by sealing the indictment,
regardless     of     the     government's     reasons.").     "The
first Barker factor, the length of delay, is 'a double enquiry'
serving both as 'a triggering mechanism for the rest of the [speedy
trial] analysis, and a factor in that analysis.'" Handa, 892 F.3d

at 101 (citations omitted). Any delay over one year is considered presumptively prejudicial and triggers further inquiry.   See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992).

The indictment of Torres occurred first, on December 17, 2019, and the government does not contest that the delay is now over a year and presumptively prejudicial to trigger constitutional inquiry. (Docket No. 40 at p. 4—6.)

Torres additionally argues that the 34 months that elapsed between the alleged events of February 2017 and his December 2019 indictment should also be considered when determining how heavily to weigh this factor, and points to support from an Eleventh Circuit Court of Appeals case, United States v. Ingram, 446 F.3d 1332, 1339 (11th Cir. 2006). (Docket No. 34 at p. 5.)   The First Circuit Court of Appeals has stated, however, that "[p]re-indictment delay does not implicate the Sixth Amendment's Speedy Trial provision."   United States v. DeCologero, 530 F.3d 36, 78 (1st Cir. 2008) (noting instead that the Fifth Amendment Due Process Clause plays a limited role in protecting against oppressive pre-indictment delay).

Accordingly, the Court finds that the post-indictment delay weighs in Torres's favor, but does not give additional weight to the pre-indictment delay.

**B.   Reason for delay**

The reason for delay is the "focal inquiry" in the Barker analysis.   United States v. Santiago-Becerril, 130 F.3d 11, 22 (1st Cir. 1997) (citations omitted).   Deliberate attempts by the government to hamper the defense should be weighted heavily against the government.   Barker, 407 U.S. at 531. Reasons for delay such as negligence or overcrowded courts, on the other hand, "should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant."   Id.   A valid reason, on the other hand, like a missing witness, "justif[ies] appropriate delay." Id.

While Torres argues that the only explanation for the government not to execute his arrest in 2020 was for strategic reasons, this argument omits the events of 2020 for which it is fair to take judicial notice, i.e. the COVID-19 pandemic and its disruption of all aspects of daily life. (Docket No. 34 at p. 6.) The government explains that the start of the pandemic, a mere three months after the sealed indictment was issued, hampered their ability to proceed with an arrest. (Docket No. 40 at p. 7.)   A valid reason for delay should not be weighed against the government. Barker, 407 U.S. at 531.   The effects of the pandemic

in 2020 on the logistics of arrests is arguably a valid reason for delay. See United States v. Briggs, No. 20-410, 2020 WL 1939720, at *2 (E.D. Pa. Apr. 22, 2020) ("The reason for the Government's delay is a valid, neutral reason: a global pandemic. The Government has not done anything wrong, and the circumstances preventing an indictment are beyond its control."); United States v. Crittenden, No. 20-7, 2020 WL 5223303, at *3 (M.D. Ga. Sept. 1, 2020) ("Certainly, a global pandemic that is beyond the control of all the parties involved justifies an appropriate delay.").

Additionally, the government explains that Torres's case was part of a large investigation with multiple targets located inside and outside the United States, and some delay in arresting him was to protect the investigation. Id. at p. 6—7. The investigation culminated not only in this case but also in the prosecution of 26 other defendants.[2] Id.; see also United States v. Worthy, 772 F.3d 42, 48—49 (1st Cir. 2014) (affirming the district court's finding that no Sixth Amendment violation occurred due in part to the delay being attributable to the number of defendants and the complexity of the case, among other things).

The delay in this case is primarily attributable to the difficulties caused by the COVID-19 pandemic in conducting the normal course of business, as well as due to the ongoing

2 See Case No. 19-790 (PAD).

investigation into multiple multi-national defendants. Accordingly, this factor weighs heavily in the government's favor.

###    C.    Torres's Assertion of his Right to a Speedy Trial

A defendant's assertion of his speedy trial right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531—32. "A defendant should give some indication, prior to the assertion of a speedy trial violation, that he wishes to proceed to trial." Muñoz-Amado, 182 F.3d at 62. Generally, a defendant is expected to zealously pursue his or her right, and not merely wait until a speedy trial motion "[becomes] a possibly viable way to preclude consideration of the merits of the case." United States v. Colombo, 852 F.2d 19, 26 (1st Cir. 1988).

Torres points out that he has not requested any continuances and stated that he is ready for trial at his first status conference. (Docket No. 34 at p. 8.) As the government rightly points out, however, courts look to the "frequency and force" of a defendant's objection to delay. (Docket No. 40 at p. 9;)(citing Barker, 407 U.S at 529).

The reality is that Torres was unaware of the case against him while the lion's share of the delay occurred, namely between December 2019 and January 2021. Nevertheless, his first assertion of his right to a speedy trial came with this motion, about four

months after he was arrested, after rejecting the Government's plea offer. See Colombo, 852 F.2d at 26. For this reason, this factor weighs in favor of the government.

### D.   Prejudice

When considering prejudice, courts focus on three speedy trial interests: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532. Among the three, the most serious consideration is protection against impairment of the defense. Id. Proof of particularized prejudice, however, is not essential to every speedy trial claim. See Doggett, 505 U.S. at 655.

#### 1.   Oppressive Pretrial Incarceration

The first interest has little bearing here because Torres was on home detention and subsequently has remained subject to curfew. (Docket No. 40 at p. 2.)

#### 2.   Anxiety of the Accused

Torres does not allege any anxiety from awaiting his trial, and the reality is that during most of the time of the delay, he was not yet burdened with the knowledge of the accusations against him. (Docket No. 34 at p. 9.) So, this interest also has little to no bearing.

### 3.   Impairment of Defense

Barker held that "[i]f witnesses die or disappear during a delay, the prejudice is obvious." Barker, 407 U.S. at 532. "Barker explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" Doggett, 505 U.S. at 655 (quoting Barker, 407 U.S. at 532). That said, the unavailability of a witness must occur after indictment to "implicate the Sixth Amendment analysis under Barker." United States v. Muñoz-Franco, 487 F.3d 25, 61 n.38 (1st Cir. 2007).

Torres argues that the four years that have passed since the events of 2017 have hindered his ability to identify and call as a witness the person who asked him to deliver the currency. (Docket No. 34 at p. 9.) That person allegedly would have testified about the innocent explanation he gave Torres about why he needed the money delivered and his assurances that the funds were legitimate. Id. at 9—10. Because four years have passed, Torres does not have access to his cellphone anymore to find the person's phone number or any text messages with instructions. Id. at 10.

The government urges the Court to give little credibility to these assertions and indeed offers their resources to Torres to

find the person who gave him over $175,000 in cash. (Docket No. 40 at p. 11—12.)

Here, the alleged illegal act occurred in February of 2017. Torres was first indicted in December of 2019.  Only lost evidence after December of 2019 would be relevant to this Sixth Amendment speedy trial inquiry. Muñoz-Franco, 487 F.3d at 61 n.38.  Torres does not allege when exactly he lost, gave away, or sold his prior cellphone, but if it happened before December of 2019, it would be irrelevant to a Sixth Amendment inquiry.  Id.  Additionally, apart from the absent cellphone, Torres does not give any further reason why the identity of his witness was lost to him after December 2019.

That being said, the passage of time naturally leads to "erosion of exculpatory evidence and testimony."  See Doggett, 505 U.S. at 655.  And while "delay is a two-edged sword," Doggett, 505 U.S. at 659 (O'Connor, J., dissenting), in this case Torres did have the disadvantage of being unaware of the accusations against him for most of the time period of the delay, preventing him from diligently collecting evidence in the meantime.

For this reason, the Court finds that the delay in this case has prejudiced, albeit only slightly, Torres's ability to defend his case and weighs this factor in his favor.

Criminal No. 19-792 (FAB)                                          11

### E.   Weighing the Factors

Of the four <u>Barker</u> factors, the length of the delay and the prejudice to his case weigh in Torres's favor.  The reason for delay is, however, the "focal inquiry" in the <u>Barker</u> analysis. <u>Santiago-Becerril</u>, 130 F.3d at 22. The reasons for the delay at issue here are the effects of the COVID-19 pandemic on the normal course of business, and the complexity of the case.  Both are valid reasons for delay.  The Court weighs this factor heavily in favor of the government. Additionally, Torres has not frequently and forcefully demanded his right to a speedy trial. The Court finds that in consideration of the four <u>Barker</u> factors, Torres's Sixth Amendment right to a speedy trial has not been violated.


### IV.  CONCLUSION

For the reasons set forth above, Torres's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 14, 2021.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE